```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
TAMMY J. SCOTT ROBINSON,                               :
Administrator of the Estate of ANTHONY                 :
SCOTT, Deceased,                                       :
                                                       :      23-CV-9521 (VSB) (BCM)
                                     Plaintiff,        :
                                                       :           OPINION & ORDER
                     - against -                       :
                                                       :
CITY OF NEW YORK, et al.,                              :
                                                       :
                                     Defendants.       :
                                                       :
-------------------------------------------------------X
```

Appearances:

Regina Powers
David Bruce Rankin
Beldock Levine & Hoffman LLP
New York, NY
*Plaintiff Tammy J. Scott Robinson*

John Edmund Schemitsch
Michael Viviano
Adam Bevelacqua
New York City Law Department
New York, NY
*Counsel for Defendants City of New York, Correctional Officer Timothy Waiters, Shield No. 17924, and Captain Roger Bethelmy, Shield No. 1824*

John William Burns
Karasyk & Moschella, LLP
New York, NY
*Counsel for Defendants Correctional Officer Charles Rutherford, Shield No. 11048, Correctional Officer Jerome Brown, Shield No. 15505, and Correctional Officer Liza Luna, Shield No. 9287*

VERNON S. BRODERICK, United States District Judge:

      On October 30, 2023, Plaintiff Tammy Scott Robinson ("Plaintiff" or "Ms. Robinson"),

as Administrator of the Estate of Anthony Scott ("Scott"), filed a complaint against the City of New York, Correctional Officers ("C.O.") Charles Rutherford, Jerome Brown, and Liza Luna, C.O. Timothy Waiters, Captain Roger Bethelmy, Captain Doe, and C.O.s Does 1-5 (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, alleging that: (1) the individual defendants were deliberately indifferent to and recklessly disregarded the serious risk of harm to her brother Anthony Scott—leading him to a suicide attempt while he was in the custody of the New York City Department of Correction ("DOC"); and (2) the City of New York was liable pursuant to *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978), because it "authorized, sanctioned, and/or ratified the individual defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue." (Doc. 1 ("Compl.") ¶¶ 11, 14–18, 51–62). According to Plaintiff, Scott had autism, bipolar disorder, and a substance use disorder, *id.* ¶ 46, and while he was awaiting transfer to Rikers Island in a holding pen, *id.* ¶ 27, Scott "hung himself" with "a drawstring from his clothing [designed] to create a ligature," *id.* ¶¶ 37, 41. Plaintiff alleged that the individual defendants did not remove the drawstring from Scott's clothing while detained or otherwise safeguard him from suicide, "despite DOC's rules requiring them to do so," *id.* ¶ 36, and that the C.O.s on duty "failed to act or observe Mr. Scott tie a shoelace around his neck and attempt to hang himself," *id.* ¶ 32, "failed to conduct their required tours," *id.*, and "falsified several logbook entries, stating that they had performed rounds they never did," *id.* ¶ 34. Plaintiff alleged that before Scott's death, five other individuals "committed suicide in DOC custody" in 2021 alone. *Id.* ¶ 3.

On May 28, 2024, the City of New York, C.O. Timothy Waiters, and Captain Roger Bethelmy filed their answer to Plaintiff's complaint. (Doc. 31.) On October 1, 2024, the three remaining individual defendants—C.O.s Charles Rutherford, Jerome Brown, and Liza Luna—

answered and filed crossclaims against the City of New York.  (Doc. 43.)  On October 21, 2024, the City of New York filed an answer to these crossclaims.  (Doc. 49.)  On January 6, 2025, I referred the case to Magistrate Judge Barbara Moses for general pretrial purposes and settlement.  (Doc. 51.)

On February 20, 2025, the parties participated in a settlement conference before Judge Moses, during which Plaintiff and Defendants agreed to a settlement in the gross amount of $2.6 million.  (Docs. 59 ¶ 11, 59-7).  On July 30, 2024, with the consent of Defendants, Plaintiff filed her motion for settlement approval, (Docs. 57, 58), seeking approval of the parties' $2.6 million settlement, which would resolve all of the estate's claims against the City (including an earlier wrongful death case brought in state court under state law), (Docs. 59 ¶ 12, 59-5), and requested that the $2.6 million gross settlement amount, which will be paid by the City of New York, be allocated to the wrongful death claim, (Doc. 59 ¶ 24).  Moreover, Plaintiff also requested that the "up-front cash portion of the settlement sum" would be $1,446,070.10, payable to Beldock Levine & Hoffman LLP ("BLH"), Plaintiff's counsel, *id.* ¶ 25, and from that amount, the parties proposed to deduct $866,666.67 in attorney's fees and $11,445.32 in reimbursement for disbursements, *id.* at 8, with the remaining $1,153,929.90 "used by the City of New York, on behalf of itself and all Defendants, to fund the future periodic payment portion of this settlement," *id.* ¶ 28.

On July 31, 2025, I referred the motion for settlement approval to Judge Moses for report and recommendation.  (Doc. 60.)  On October 14, 2025, Judge Moses issued a 9-page Report and Recommendation (the "Report and Recommendation" or "Report") recommending:  (1) the approval of the $2.6 million gross settlement amount as "fair, reasonable and adequate," so that it can be allocated to Plaintiff's claim for wrongful death, (Doc. 62 ("R&R") at 6); (2) that "the

attorneys' fee award to BHL be reduced from the requested $866,666.67 (one-third of the gross settlement amount), to the regulatory maximum of $858,000.00 (33% of the gross settlement amount)," *id.* at 7; and (3) "that [I] award plaintiff's counsel the requested $11,445.32," since the list of disbursements was reasonable, *id.* at 8.  The Report stated that "the net settlement payment will be $1,730,554.68." *Id.*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," (R&R at 9), no party has filed an objection or requested additional time to do so.  I have reviewed Judge Moses's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none.  I therefore ADOPT the Report and Recommendation in its entirety.

For the foregoing reasons, Judge Moses's Report and Recommendation is adopted in full.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 26, 2025
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge